Scott, C.J.
The premises in controversy in this case arc part of a tract containing seventy acres of land situate in Lucas county, of which Joseph Wells, a resident of Lorain county, in this State, died seized and possessed in the year 1850. He died intestate, and partition of the premises was afterwards made among such of his eleven children as then retained their interest.therein, as heirs, and the grantees of such as liad sold and conveyed their shares. The particular lot-in controversy was set off to Mary Wells, one of the heirs, who conveyed the same, in September, 1858, to Revilo Wells, under whom defendant in error claims title. The same lot was sold and conveyed to Maria Calkins, one of the plaintiffs in error, in 1866, by the sheriff of Lucas county, acting as a master commissioner, under an order of the court of common pleas of that county. This order was made in an action brought by the administrator of the estate of said Joseph Wells, against the heirs, and their grantees, and sundry lien-holders, for the purpose of ascertaining the amount and priorities of such liens, and seeking to subject the owners of the various lots held in severalty under the partition, in proportion to their respective interests, to the discharge of such liens, and to the payment of the other debts of the estate for the discharge of which the personal assets had proved insufficient. A decree was obtained accordingly, and Revilo Wells failing to pay his proportionate share of the sum necessary to discharge the specific liens, and the other debts due from the estate, the lot in question, then held by him, was sold pursuant to the decree. But at the time this proceeding or action was instituted by the administrator, Revilo Wells was and has ever since continued to be, a non-resident of this *547 State, and was not personally served with process in the ease Notice of the pendency of the action was given to the nom resident parties by publication in the county of Eueas, in ae-' cordance with the requirements of the code of civil procedure, and not in a newspaper having a general circulation in the county of Lorain, where the intestate last dwelt, as required by the act to provide for the settlement of the estates of deceased persons. Defendant in error claims that this notice was insufficient to make Revilo Wells a party to the action, and that the court of common pleas had no jurisdiction of his person, at the time the order of sale was made; .and that such order was therefore as to him absolutely void. The court below' so held, and gave judgment for defendant in error. No attempt is made to impeach the validity of the order of sale, or the title of the present plaintiff Maria Calkins thereunder, on any other grounds; and the only question presented is, whether the court of common pleas had jurisdiction of Revilo Wells, at the time of making' the order for the sale of the premises.
We think the record clearly shows that the action, in which the order of sale was made, was, in fact, brought by the administrator under the code. His petition was verified by affidavit as required by the code. He did not ask nor obtain an order under the “ act to provide for the settlement of the estates of deceased persons,” authorizing Aim to sell the lands of his intestate. Claiming a right, under the law, to subject the lot in controversy, in the hands of its owner, Revilo Wells, to the payment of its proportionate share of the debts of his intestate, he proceeded, by action under the code, to enforce such liability. He placed himself simply on the footing of one holding a lien or charge upon the land, and he made other lienholders parties defendant, seeking to have the amount and priorities of lien ascertained and determined by the decree of the court, in the exercise of its general equity jurisdiction. The other lienholders answered, setting up their respective liens claiming priority for them, and by cross-petitions asking for the sale of the premises, upon the owners’ default in payment of their claims. Some of these liens arose under a *548 mortgage executed by the intestate, Joseph Wells, in his lifetime ; others were for taxes, and local assessments imposed^ by the city authorities of Toledo, all of which had accrued after the death of the intestate, and for which the administrator as such was never liable. The order of sale was made,, as well under these cross-petitions, as under the petition of the administrator. Had the suit been instituted by theselienholders, they, very clearly, must have proceeded by civil action under the code. By the decree in the case, their liens-were found to be prior to any claims of the administrator and as he could have no right to enforce liens, or collect claims for which he was in no way responsible, it was ordered-that, on default of payment by Eevilo Wells, the lot now in-, controversy should be sold by a master commissioner, and that, after discharging the prior liens from the proceeds, there-should be paid to the administrator a sum equal to the share-of the debts due from the estate which was found to be justly chargeable to that lot. The lot was accordingly sold by the-sheriff of the county, acting as a master commissioner, pursuant to an order directed to him in conformity, with the decree. Maria Calkins, one of the plaintiffs in error, became-the purchaser, and the sale having been confirmed by the-court, the master commissioner was ordered to convey, and.did convey the premises to her accordingly.
Now the question is, not whether this order of sale was-erroneous, or in any respect irregular, but whether it was absolutely void, for want of jurisdiction of the person 'of Revilo Wells.
By the 45th section of the code it is provided, that actions-for the sale of real property under a mortgage, lien, or otherincumbrance or charge, must be brought in the county in which the subject of the action is situated. By the JOth section, service by publication is authorized in actions brought under the 45th section, when any or all of the defendants-reside out'of the State; and the 72d section prescribes that the publication shall be made six consecutive weeks in some-newspaper printed in the county where the petition is filed,, if there be any printed in such county.
*549 Now if the administrator brought his action under the code, .as we think is clearly shown to have been the case, then it was brought in the proper forum — in the court of common pleas of the county where the land is situated. Eevi'lo Wells, it is admitted, was a non-resident of the State, and was constructively served with process in the manner prescribed by the code. Eor all the purposes of the action he had his day in court. Had he seen proper he might have demurred to the petition. If he could show error in the order of sale, he might have had it reversed by the proper reviewing court. We do not wish to be understood as intimating an opinion that the court erred in entertaining the petition of the administrator, and granting the relief which he asked for. We see no good reason why an administrator, having a right to charge lands with the payment of the debts of his intestate, and finding such lands held in severalty by numerous parties, and encumbered with liens, some of them to a greater, and others to a less extent, may not, like an ordinary lienholder, bring all the parties in interest into a court having the proper equity jurisdiction to marshal the liens, and enforce their payment by sale of the premises, and by^ distribution of the proceeds according to equity. In granting such relief the court of common pleas would be acting not simply as a court of probate. But if we assume that the administrator should have been required to proceed solely under the administration act, and obtain authority to sell the lands at administrator’s sale, and that the court erred in ordering a sale through its own officer, as upon execution at law; still it had jurisdiction of the subject-matter, and having the parties in interest before it, the order of sale was not void, but voidable only. Until reversed it binds the parties, and cannot be collaterally impeached.
We think the court below erred in holding the order of sale to be void, as against Eevilo Wells and his grantee, and its judgment is therefore reversed, and the ease remanded for new trial.
Welch, White, Day, and MoIlvaine, JJ., concurred.